**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **NIDIA REYNA** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO._____** |
| | § | **JURY DEMANDED** |
| **PALOMAR SPECIALTY** | § | |
| **INSURANCE COMPANY, AND** | § | |
| **JOHN CZUHAJEWSKI,** | § | |
| **Defendants.** | § | |

**DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**
_____

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Palomar Specialty Insurance Company, in Cause No. C-0772-17-E, pending in the 275th District Court of Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and respectfully shows:

## I. FACTUAL BACKGROUND

1.1    On or about February 17, 2017, Plaintiff filed her Original Petition in the matter styled *Nidia Reyna v. Palomar Specialty Insurance Company and John Czuhajewski*, in the 275th District Court of Hidalgo County, Texas, in which Plaintiff made a claim for damages to her property under a homeowner's insurance policy.

1.2    Plaintiff also asserts claims against John Czuhajewski, the inspector assigned to Plaintiff's claim.

1

1.3    Plaintiff served Palomar with process and Plaintiff's Original Petition on February 27, 2017.

1.4    Plaintiff's Original Petition states that "a wind and hailstorm caused significant damage to the exterior and also the interior" of her property on March 26, 2015. *See* Pl.'s Original Pet., part VI.E.

1.5    Plaintiff filed a claim with Palomar under her policy requesting "that Defendant Palomar cover the cost of repairs to the Property, replace or repaired [sic] damaged covered personal property, and if warranted, [the] allocated loss of used payment pursuant to the Policy and any other available coverage under the Policy." *See id.* at part VI.F.

1.6    The Index of Matters Being Filed is attached as Exhibit A to this notice of removal. A copy of the Hidalgo County District Clerk's file for this case is also attached as Exhibit B and includes true and correct copies of all executed process, pleadings, and orders. The Designation of Counsel is attached as Exhibit C.

## II.  BASIS FOR REMOVAL

2.1    Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332, 1441(a) and 1446.

2.2    At the time the lawsuit was filed, Plaintiff was a resident of the State of Texas. *See* Pl.'s Original Pet., part III, p. 1.

2.3    Defendant Palomar is incorporated as an Oregon-domiciled insurance company, and has its principal place of business in California. Accordingly, Palomar is not a citizen of Texas.

2.4    Defendant John Czuhajewski is a citizen of the State of Texas, but is not a proper party to this lawsuit.

**A.    Complete diversity exists between Plaintiff and Palomar because Defendant John Czuhajewski has been improperly joined in this lawsuit.**

2.5    Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.  *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co*., 385 F.3d 568, 573 (5th Cir. 2003) (*en banc*).  The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the Plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the Plaintiff might be able to recover against an in-state defendant."  *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).   To determine whether the plaintiff can recover against the in-state defendant, the district court must analyze the plaintiff's petition under the robust federal rule 12(b)(6) standard and determine whether the plaintiff's petition states a claim.  *See Int'l Energy*, 818 F.3d at 207-08; *see also Smallwood*, 385 F.3d at 573; *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009).

2.6    "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Elchehabi v. Chase Home Fin., LLC*, No. H-12-1486, 2012 WL 3527178, at *2 (S.D. Tex. Aug. 15, 2012) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Guerrero Investments, LLC v. Am. States Ins. Co.*, No. 7:12-CV-430, 2013 WL 5230718, at *1 (S.D. Tex. Sept. 17, 2013) (finding lack of a "factual fit" and thus, improper joinder where "the sections setting forth Plaintiff's causes of action against the in-state defendant amounted to no more than conclusory recitations of the elements of the plaintiff's DTPA, Insurance Code, and conspiracy claims); *Xiang Fang v. Companion Commercial Ins. Co.*, No. 7:12-CV-324, 2013 WL 5214433, at *3 (S.D. Tex. Sept. 17, 2013) (same).

2.7     Here, Plaintiff fails to offer any specific facts to support her claims against Defendant John Czuhajewski and has therefore failed to secure the required "factual fit between [her] allegations and the pleaded theory of recovery." *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999). In her Original Petition, Plaintiff alleges that Palomar issued a policy to her covering her property in McAllen, Texas, and that her property suffered wind and/or hail damage as a result of a storm on March 26, 2015. *See* Pl.'s Original Pet., part VI.B-E. Plaintiff's singular allegation against Czuhajewski, alone, was that Czuhajewski conducted a "substandard, outcome-oriented" investigation of Plaintiff's claim. *See id.* at part VI.T. And even this allegation involved Palomar, in that Plaintiff alleged that Palomar "intentionally incorporated" Czuhajewski's investigation into its assessment of the claim. *See id.* The majority of the remainder of Plaintiff's allegations are directed solely at Palomar. *See generally id.* at part VI.G, J, L, N, O, R-U, W-X. The remaining allegations are directed at both Palomar and Czuhajewski (referred to collectively as Defendants), including that Defendants (1) "failed to properly adjust the claims and have denied at least a portion of the claims with an inadequate investigation";

4

(2) "misrepresent[ed] to Plaintiff that they performed a thorough investigation"; (3) "refused to assess the total damages inflicted upon Plaintiff's Property"; (4) "failed to make an attempt to settle Plaintiff's claim in a fair manner"; (5) "refused to compensate Plaintiff, under the terms of the Policy, because Defendants failed to conduct a reasonable investigation"; (6) "failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all information"; and (7) "delayed full payment of Plaintiff's claim." *See id.* at part VI.I, P-Q, T, V-W.  Plaintiff alleges that "[a]s a result of all of Defendant's wrongful acts, misrepresentations, and omissions . . . , Plaintiff was forced to retain the professional services" of an attorney.  *See id.* at part IV.Y.  Plaintiff's allegations against Czuhajewski do nothing more than track the statutory language of her Insurance Code and DTPA causes of action; they are bare-bone, conclusory, and over-generalized boiler-plate allegations devoid of substantive facts.  *See Johnson v. The Travelers Home & Marine Ins. Co.*, No. H-16-449, 2016 WL 4061146, at *2-3 (S.D. Tex. July 29, 2016) (denying plaintiff's motion to remand, holding that the plaintiff's unspecific allegations against the defendant adjuster essentially amounted to legal conclusions and that allegations simply tracking statutory language were insufficient without any case-specific facts).

2.8    In connection with the foregoing allegations, Plaintiff then makes claims against both Defendants for breach of contract and the duty of good faith and fair dealing and under the Texas Insurance Code and Texas Deceptive Trade Practices Act.[1]  Plaintiff

---

[1] Plaintiff does not allege in her petition that she had a contract with Defendant Czuhajewski, and absent any contractual relationship, Texas law does not permit her a breach of contract or breach of the duty of good faith and fair dealing claim against Czuhajewski.  *See Broadway Hampton Court v. Lexington Ins. Co.*, No. Civ.A. H-10-4331, 2011 WL 1230264, at *3 (S.D. Tex. Mar. 29, 2011) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir.1999); *Blanchard v. State Farm Lloyds*, 206 F.Supp.2d 840, 845 (S.D. Tex. 2001); *Natividad v. Alexsis*, 875 S.W.2d 695, 698 (Tex. 1994)).

makes identical allegations about the Defendants' alleged violations of the Texas Unfair Claim Settlement Practices Act, Texas Unfair Competition and Unfair Practices Act and Texas DTPA, including that Defendants:  (1) failed to accept or reject Plaintiff's claim within the statutory time frame; (2) failed to pay Plaintiff's claim within the applicable time frame; (3) represented that goods, products, or services had characteristics, uses, and benefits they did not have; (4) failed to disclose information about goods or services known at the time of the transaction with the intent to induce Plaintiff into a transaction; (5) breached an express warranty in the policy regarding the alleged wind and hail storm damage; (6) engaged in unconscionable actions or courses of action; (7) refused to pay Plaintiff's claim without conducting a reasonable investigation; and (8) failed to promptly provide Plaintiff with a reasonable explanation of their denial of claim or settlement offer. *See* Pl.'s Original Pet., part VII.B-D, pp. 8-12.  But merely repeating statutory language is not sufficient; a plaintiff must plead specific, actionable facts to which a statute should apply, and Plaintiff has wholly failed to do so in this case.  *See Young v. Travelers Pers. Sec. Ins. Co.*, No. 4:16-CV-235, 2016 WL 4208566, at *4-5 (S.D. Tex. Aug. 10, 2016) (denying a plaintiff's motion to remand and dismissing an insurance-adjuster defendant where the plaintiff failed to state a claim against the adjuster by a "mere formulaic recital of the statutory elements"); *Lakewood Chiropractic Clinic,* No. H-09-1728, 2009 WL 3602043, at *3 (S.D. Tex. Oct. 27, 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).[2]  Moreover, the alleged Insurance Code and DTPA violations asserted

---

[2] The Fifth Circuit and its District Courts routinely find that individual adjusters and agents are improperly joined where the plaintiffs' allegations against the adjuster are boilerplate and nearly identical to

against Czuhajewski are completely indistinguishable from the Insurance Code violations alleged against Defendant Palomar. *See* Pl.'s Original Pet., part VII.B-D, pp. 8-12. Courts in the Southern District of Texas have held that when the claims against an adjuster are nearly identical to those against the insurer, they are insufficient to support a claim against the adjuster. *See Dalton v. State Farm Lloyds, Inc.*, No. H-12-3004, 2013 WL 3157532, at *7 (S.D. Tex. June 19, 2013); *see also Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *3 (S.D. Tex. July 11, 2016) ("While it is true that Texas law may permit adjusters to be found individually liable for certain violations of the Texas Insurance Code, for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage" (internal citations omitted)).

2.9     In sum, none of Plaintiff's allegations involve conduct specifically and solely attributable to Czuhajewski, and Plaintiff's factual allegations are nothing more than conclusory statements that lack the specificity necessary to state a claim. *See Twombly*, 550 U.S. at 445. The Plaintiff's failure to allege any specific facts concerning Czuhajewski's involvement means that Plaintiff did not "'state enough facts to state a claim for relief that is plausible on its face.'" *See Int'l Energy*, 818 F.3d at 207-08 (quoting *Twombly*, 550 U.S. at 570). And in the absence of such factual allegations, "'there is no

---

the claims against the insurance carrier. *See e.g., Griggs,* 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in Plaintiff's petition to support claim against agent); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* No. 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations merely listing Insurance Code provisions and asserting that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08-CV-475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding petition listing Insurance Code provisions that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.,* No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the Plaintiff's petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims").

reasonable basis for the district court to predict that [P]laintiff might be able to recover against"' Czuhajewski.  *See Int'l Energy*, 818 F.3d at 205 (quoting *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d 646-47).  Czuhajewski is an improper party to this lawsuit and should be dismissed by the Court.

2.10    Because Palomar, a foreign defendant, is the only proper defendant in this action, there is complete diversity of citizenship between the parties.  As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**B.    The amount of damages prayed for by Plaintiff exceeds the amount in controversy required to confer diversity jurisdiction on this Court.**

2.11    Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. §1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882 (5th Cir. 2000).  Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the Plaintiff's complaint.  *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.12    In her Petition, Plaintiff expressly states that she is "seeking monetary relief over $100,000."  *See* Pl.'s Original Pet., part II, pg. 1.

2.13    Because Plaintiff has prayed for damages in excess of $75,000, this case may be properly removed to federal court.

## III.  THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant Palomar was first served with Plaintiff's Original Petition and process on February 27, 201.  By filing its Notice on this day, March 29, 2017, Defendant

8

Palomar files its Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b).

3.2     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(d), promptly after Palomar files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.4     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Palomar files this Notice.

3.5     As of the date of this Notice, Defendant Czuhajewski has not been served with process, so he need not consent to this removal. *See* 28 U.S.C. § 1446(b)(2)(A); *Farias v. Bexar Cty. Bd. of Trustees for MHMR Servs.*, 925 F.2d 866, 871 (5th Cir. 1991). Regardless, as an improperly joined party, his consent is unnecessary. *See Almeida v. Allstate Tex. Lloyds*, No. Civ.A. B-05-202, 2005 WL 3348907, at *5 (S.D. Tex. Dec. 8, 2005) (citing *Farias*, 925 F.2d at 871).

## IV. <u>CONCLUSION</u>

4.1     Based on the foregoing, the exhibits submitted in support of this Notice, and other documents filed contemporaneously with this Notice and fully incorporated herein, Defendant Palomar Specialty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

By:    /s/ Mikell A. West
    Mikell A. West
    Attorney-in-Charge
    State Bar No. 24070832
    Southern Dist. No. 1563058
    mwest@gnqlawyers.com

**ATTORNEYS FOR PALOMAR
SPECIALTY INSURANCE
COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

Thomas F. Nye
State Bar No. 15154025
Southern Dist. No. 7952
tnye@gnqlawyers.com

Donald W. Elliott, Jr.
State Bar No. 24097651
Southern Dist. No. 2783040
delliott@gnqlawyers.com

John R. Lamont
State Bar No. 24099876
Southern Dist. No. 3028487
jlamont@gnqlawyers.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 29, 2017, a copy of Defendant Palomar Specialty Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiff, Nidia Reyna.

**<u>VIA CM/RRR #7016 1970 0000 5545 7900</u>**
Brent L. Klender
WAYNE WRIGHT, LLP
5707 Interstate 10 West
San Antonio, Texas 78201
Email:  bklender@waynewright.com

By: _/s/ Mikell A. West_
Mikell A. West