**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **NIDIA REYNA** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:17-CV-00107** |
| | § | **JURY DEMANDED** |
| **PALOMAR SPECIALTY** | § | |
| **INSURANCE COMPANY, AND** | § | |
| **JOHN CZUHAJEWSKI,** | § | |
| **Defendants.** | § | |

---

**DEFENDANT JOHN CZUHAJEWSKI'S MOTION TO DISMISS**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE RANDY CRANE:

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant John Czuhajewski files this Motion to Dismiss Plaintiff's Complaint and would respectfully show the Court as follows:

## I.  BACKGROUND

On February 17, 2017, Plaintiff filed her Original Petition in the 275th District Court of Hidalgo County, Texas, in which Plaintiff alleged that Defendant Palomar Specialty Insurance Company issued an insurance policy to her covering her property in McAllen, Texas, and that her property suffered wind and/or hail damage as a result of a storm on March 26, 2015.  *See* Pl.'s Original Pet., part VI.A-E.  Plaintiff asserts claims against Palomar under the Texas Insurance Code and the Texas Deceptive Trade Practices Act and for breach of contract, breach of the duty of good faith and fair dealing, misrepresentation, and fraud.  *See id.* at part VII.  Plaintiff also sued Defendant Czuhajewski, the inspector assigned to Plaintiff's claim.  *See id.* at part III.

1

Defendant Palomar removed Plaintiff's suit to this Court on March 29, 2017, on the basis of diversity jurisdiction, *see* 28 U.S.C. §§ 1332, 1441(a), 1446, asserting that Defendant Czuhajewski, a resident of Texas, was improperly joined by Plaintiff to avoid removal to federal court. *See* Def. Palomar's Notice of Removal at pp. 2-8.

For the reasons detailed fully below, Defendant Czuhajewski asks this Court to dismiss Plaintiff's Complaint against him for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). Plaintiff's Complaint does not contain any specific facts in support of her claims against Defendant Czuhajewski and is, therefore, implausible on its face.

## II. <u>APPLICABLE LAW</u>

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for "failure to state a claim upon which relief can be granted." The court's review is limited to the contents of the complaint and any matters properly subject to judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" in order to survive a rule 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint attacked by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but the plaintiff's obligation to provide the "grounds" of her "entitle[ment] to relief" requires more than labels and conclusions or a mere formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 545. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

### III.  ANALYSIS

Here, Plaintiff fails to offer any specific facts to support her claims against Defendant Czuhajewski and has therefore failed to secure the required "factual fit between her allegations and the pleaded theory of recovery." *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999). Plaintiff's singular allegation against Czuhajewski, alone, was that Czuhajewski conducted a "substandard, outcome-oriented" investigation of Plaintiff's claim. *See* Pl.'s Original Pet., part VI.T.  And even this allegation involved Palomar, in that Plaintiff alleged that Palomar "intentionally incorporated" Czuhajewski's investigation into its assessment of the claim. *See id.*  The majority of the remainder of Plaintiff's allegations are directed solely at Palomar. *See generally id.* at part VI.G, J, L, N, O, R-U, W-X.  The remaining allegations are directed at both Palomar and Czuhajewski (referred to collectively as Defendants), including that Defendants (1) "failed to properly adjust the claims and have denied at least a portion of the claims with an inadequate investigation"; (2) "misrepresent[ed] to Plaintiff that they performed a thorough investigation"; (3) "refused to assess the total damages inflicted upon Plaintiff's Property"; (4) "failed to make an attempt to settle Plaintiff's claim in a fair manner"; (5) "refused to compensate Plaintiff, under the terms of the Policy, because Defendants failed to conduct a reasonable investigation"; (6) "failed to accept or deny Plaintiff's full and entire claim

within the statutory mandated deadline of receiving all information"; and (7) "delayed full payment of Plaintiff's claim." *See id.* at part VI.I, P-Q, T, V-W.  Plaintiff alleges that "[a]s a result of all of Defendant's wrongful acts, misrepresentations, and omissions . . . , Plaintiff was forced to retain the professional services" of an attorney. *See id.* at part IV.Y.

In connection with the foregoing allegations, Plaintiff then makes claims against both Defendants under the Texas Insurance Code and Texas Deceptive Trade Practices Act and for breach of contract, breach of the duty of good faith and fair dealing, misrepresentation, and fraud.  But Plaintiff does not allege in her petition that she had a direct contract with Defendant Czuhajewski.  Absent any contractual relationship, Texas law would not permit her a breach of contract or breach of the duty of good faith and fair dealing claim against Czuhajewski in his individual capacity.  *See Broadway Hampton Court v. Lexington Ins. Co.*, Civ. Action No. H-10-4331, 2011 WL 1230264, at *3 (S.D. Tex. Mar. 29, 2011) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir.1999); *Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840, 845 (S.D. Tex. 2001); *Natividad v. Alexsis*, 875 S.W.2d 695, 698 (Tex. 1994)).

Moreover, although Plaintiff references both Defendants in her misrepresentation and fraud causes of action, the substance of these claims is plainly directed at Defendant Palomar.  Plaintiff alleges that Palomar "incorporated" Czuhajewski's alleged "misrepresentations" and "false representations" into its "denial of at least a portion of Plaintiff's claim," which then allegedly "induce[d]" Plaintiff into buying her policy from Palomar and "accepting as true and correct the adjustment of Plaintiff's Claim."  *See* Pl.'s Original Pet., part VII.F-G.  Plaintiff fails to allege any conduct by Defendant Czuhajewski, independent of his work for Palomar, that would correspond to each required element of

4

her misrepresentation and fraud causes of action and has, therefore, failed to state plausible misrepresentation and fraud claims against Czuhajewski in his individual capacity. *See Twombly*, 550 U.S. at 570.

Finally, Plaintiff's allegations about the Defendants' alleged violations of the Texas Unfair Claim Settlement Paractices Act, Texas Unfair Competition and Unfair Practices Act and Texas DTPA are identical, including that Defendants: (1) failed to accept or reject Plaintiff's claim within the statutory time frame; (2) failed to pay Plaintiff's claim within the applicable time frame; (3) represented that goods, products, or services had characteristics, uses, and benefits they did not have; (4) failed to disclose information about goods or services known at the time of the transaction with the intent to induce Plaintiff into a transaction; (5) breached an express warranty in the policy regarding the alleged wind and hail storm damage; (6) engaged in unconscionable actions or courses of action; (7) refused to pay Plaintiff's claim without conducting a reasonable investigation; and (8) failed to promptly provide Plaintiff with a reasonable explanation of their denial of claim or settlement offer. *See* Pl.'s Original Pet., part VII.B-D. Thus, Plaintiff's allegations against Defendant Czuhajewski do nothing more than track the statutory language of her Insurance Code and DTPA causes of action; they are bare-bone, conclusory, and over-generalized boiler-plate allegations devoid of substantive facts. *See Johnson v. The Travelers Home & Marine Ins. Co.*, No. H-16-449, 2016 WL 4061146, at *2-3 (S.D. Tex. July 29, 2016) (finding that the plaintiff's unspecific allegations against the defendant adjuster did not meet the rule 12(b)(6) standard because the allegations essentially amounted to legal conclusions and were insufficient in simply tracking statutory language without any case-specific facts). In short, merely repeating statutory language is not

sufficient; a plaintiff must plead specific, actionable facts to which a statute should apply, and Plaintiff has wholly failed to do so in this case. *See Guerrero Investments, LLC v. Am. States Ins. Co.*, No. 7:12-CV-430, 2013 WL 5230718, at *1 (S.D. Tex. Sept. 17, 2013) (concluding that a plaintiff's allegations against the adjuster defendant did not meet the rule 12(b)(6) standard where "the sections setting forth Plaintiff's causes of action against the in-state defendant amounted to no more than conclusory recitations of the elements of the plaintiff's DTPA, Insurance Code, and conspiracy claims"); *Xiang Fang v. Companion Commercial Ins. Co.*, No. 7:12-CV-324, 2013 WL 5214433, at *3 (S.D. Tex. Sept. 17, 2013) (same).

None of Plaintiff's allegations involve conduct specifically and solely attributable to Defendant Czuhajewski, and Plaintiff's factual allegations are nothing more than speculative, conclusory statements that lack the specificity necessary to state a claim. *See Twombly*, 550 U.S. at 545. This Court should dismiss Plaintiff's claims against Defendant Czuhajewski because Plaintiff failed to allege any specific facts concerning Czuhajewski's involvement, and Plaintiff's complaint, therefore, does not "state enough facts to state a claim for relief that is plausible on its face." *See id.* at 570; *see also Landing Council of Co-Owners v. Fed. Ins. Co.*, Civ. Action No. H-12-2760, 2013 WL 530315, at *4 (S.D. Tex. Feb. 11, 2013) (dismissing a defendant who was improperly joined to defeat diversity jurisdiction because the plaintiff's complaint failed to assert plausible claims against the defendant); *Stephenson v. Standard Ins. Co.*, Civ. No. SA:12-CV-01081-DAE, 2013 WL 3146977, at *18 (W.D. Tex. June 18, 2013) (same); *Bramlett v. Med. Protective Co. of Fort Wayne*, Ind., Civ. Action No. 3:09-CV-1596D, 2010 WL 1491422, at *4 (N.D. Tex. Apr. 13, 2010) (same).

## IV. **PRAYER**

Based on the foregoing, Defendant John Czuhajewski respectfully requests that this Court dismiss Plaintiff's claims against him with prejudice. *See* Fed. R. Civ. P. 12(b)(6). Defendant Czuhajewski also prays for all other relief, at law and in equity, to which he may be entitled.

Respectfully submitted,

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

By: _____*/s/ John R. Lamont*_____
    Mikell A. West
    *Attorney-in-Charge*
    State Bar No. 24070832
    Southern Dist. No. 1563058
    mwest@gnqlawyers.com
    John R. Lamont
    *Of Counsel*
    State Bar No. 24099876
    Southern Dist. No. 3028487
    jlamont@gnqlawyers.com

**ATTORNEYS FOR DEFENDANT
JOHN CZUHAJEWSKI**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

Thomas F. Nye
State Bar No. 15154025
Southern Dist. No. 7952
tnye@gnqlawyers.com

Donald W. Elliott, Jr.
State Bar No. 24097651
Southern Dist. No. 2783040
delliott@gnqlawyers.com

## CERTIFICATE OF SERVICE

I certify that on April 10, 2017, a copy of Defendant John Czuhajewski's Motion to Dismiss was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiff, Nidia Reyna.


**VIA E-FILING**
Brent L. Klender
WAYNE WRIGHT, LLP
5707 Interstate 10 West
San Antonio, Texas 78201
Email:  bklender@waynewright.com


By: _____*/s/ John R. Lamont*_____
          John R. Lamont